**STATISTICAL INFORMATION ONLY:** Debtor must select the number of each of the following items included in the Plan.

**3** Valuation of Security      **0** Assumption of Executory Contract or Unexpired Lease      **3** Lien Avoidance

Last revised: August 1, 2020

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:    **Frances A. Eardly**

Debtor(s)

Case No.:    **20-23942 SLM**
Judge:    **Hon. Stacey L. Meisel**

## CHAPTER 13 PLAN AND MOTIONS

☐ Original                ☑ Modified/Notice Required           Date:    **April 27, 2021**
☑ Motions Included        ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

### YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

> **The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☑ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☑ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  /s/ RIL        Initial Debtor:  /s/ FAE        Initial Co-Debtor  _____

## Part 1: Payment and Length of Plan

    a. The debtor shall pay **532.00 Monthly** to the Chapter 13 Trustee, starting on **January 1, 2020** for approximately **1** month then **$597.00** monthly to the Chapter 13 Trustee, starting on **February 8, 2021 for the remaining 59 months.**

    b. The debtor shall make plan payments to the Trustee from the following sources:
- [✓] Future Earnings
- [ ] Other sources of funding (describe source, amount and date when funds are available):

    c. Use of real property to satisfy plan obligations:
- [ ] Sale of real property
  Description:
  Proposed date for completion: _____

- [ ] Refinance of real property:
  Description:
  Proposed date for completion: _____

- [ ] Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

    d. [ ] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

    e. [ ] Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection        [X] NONE

    a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

    b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Marie-Ann Greenberg, Chapter 13 Standing Trustee** | **Administrative** | **Est. $3,571.63** |
| **Ronald I. LeVine, Esq.** | **Administrative** | **Estimated $2,700.00 ****Subject to fee application to be filed with the Court****.** |

    b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
- [✓] None

2

☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Quicken Loans, LLC | 551 Saint Paul Avenue, Cliffside Park, NJ | N/A | $3,812.86 + attorneys fees to be paid through plan. Amount unknown at this time. | Est.$3,812.86 to be paid through the Plan + secured creditor's attorney fees. | Monthly payments of $1,845.23 to be paid monthly outside the plan subject to annual increases in escrow pursuant to RESPA. |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### c. Secured claims excluded from 11 U.S.C. 506: ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| **Citibank, NA L-002210-19 J-091573-20** | **551 St. Paul Avenue, Cliffside Park, NJ 07010** | $17,848.00 | $450,000.00 | N/A | $0.00 | N/A | $17,271.44* Judgment creditor failed to file a proof of claim. |
| **HOP Energy, LLC d/b/a Metro ENergy DC-005454-20 DJ-089149-20** | **551 St. Paul Avenue, Cliffside Park, NJ 07010** | $3,021.00 | $450,000.00 | N/A | $0.00 consistent with the judgement creditor's filed unsecured claim. | N/A | $3,217.21** Judgment creditor has filed an unsecured proof of claim. |
| **Midland Credit Management, Inc. DC-003155-20 DJ-101404-20** | **551 St. Paul Avenue, Cliffside Park, NJ 07010** | $2,428.00 | $450,000.00 | N/A | $0.00 | N/A | $0.00 Judgment creditor failed to file a proof of claim. |

     2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender** ☑ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☐ **NONE**

The following secured claims are unaffected by the Plan:

Creditor
**Quicken Loans - First Mortgage**
**US Department of Housing & Urban Development - Partial Claims Mortgage**

**g. Secured Claims to be Paid in Full Through the Plan** ☑ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
|  |  |  |

**Part 5: Unsecured Claims** ☐ NONE

4

    a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

      ☑    Not less than approximately $__29,444.69*__ to be distributed *pro rata*. ***Amount subject to secured creditor's claim and attorneys fees.***

      ☐    Not less than ___ percent

      ☐    *Pro Rata* distribution from any remaining funds

    b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

## Part 6: Executory Contracts and Unexpired Leases    ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

## Part 7: Motions    ☐ NONE

**NOTE: All plans containing motions must be served on all affected lienholders, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. A *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

    a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ☐ NONE
    The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

5

| Creditor | Address | Type | Amount | Property Value | | | Notes |
|---|---|---|---|---|---|---|---|
| **Citibank, NA L-002210-19 J-091573-20** | **551 St. Paul Avenue, Cliffside Park, NJ 07010** | **Judgment Lien** | **$17,848.00** | **$450,000.00** | **N/A** | **N/A** | **$17,848.00*** The Debtor shall serve a second copy of the Plan, on the judgement creditor listed above, along with the confirmation hearing date. So long as no objection is filed, the Debtor shall submit a Form of Order to the Court, upon completion of her Plan, avoiding lien.** |
| **HOP Energy, LLC d/b/a Metro Energy DC-005456-20 DJ-089149-20** | **551 St. Paul Avenue, Cliffside Park, NJ 07010** | **Judgment Lien** | **$3,021.00** | **$450,000.00** | **N/A** | **N/A** | **$3,021.00*** The Debtor shall serve a second copy of the Plan, on the judgement creditor listed above, along with the confirmation hearing date. So long as no objection is filed, the Debtor shall submit a Form of Order to the Court, upon completion of her Plan, avoiding lien.** |

6

| Creditor | | | | | | |
|---|---|---|---|---|---|---|
| Midland Credit Management, Inc. DC-003155-20 DJ-101404-20 | 551 St. Paul Avenue, Cliffside Park, NJ 07010 | Judgment Lien | $2,428.00 | $450,000.00 | N/A | N/A | $2,428.00*** The Debtor shall serve a second copy of the Plan, on the judgement creditor listed above, along with the confirmation hearing date. So long as no objection is filed, the Debtor shall submit a Form of Order to the Court, upon completion of her Plan, avoiding lien. |

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

      c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☑ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

**Part 8:  Other Plan Provisions**
    a. **Vesting of Property of the Estate**
        ☑ Upon Confirmation
        ☐ Upon Discharge

    b. **Payment Notices**
    Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

    c. **Order of Distribution**

    The Standing Trustee shall pay allowed claims in the following order:

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

|   |   |
|---|---|
| 1) | **Ch. 13 Standing Trustee Commissions** |
| 2) | **Other Administrative Claims** |
| 3) | **Secured Claims** |
| 4) | **Lease Arrearages** |
| 5) | **Priority Claims** |
| 6) | **General Unsecured Claims** |

### d. Post-Petition Claims

The Standing Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification    ☐ NONE

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: **February 8, 2021**.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **Debtor has removed non-standard provisions from the Plan resolving the Trustee's objection to same. Motions have been added to the plan in Section 4(d) and 7(a). In addition, the base amount in 5(a) has been increased.** | **Debtor has removed non-standard provisions from the Plan resolving the Trustee's objection to same. Motions have been added to the Plan in Sections 4(d) and 7(a). The base amount in 5(a) has been increased.** |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☑ No

## Part 10: Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: **April 27, 2021**                    **/s/ Frances A. Eardly**
                                            **Frances A. Eardly**
                                            Debtor

Date:                                       _____
                                            Joint Debtor

8

| Date | April 27, 2021 | /s/ Ronald I. LeVine, Esq. |
|---|---|---|
| | | **Ronald I. LeVine, Esq.** |
| | | Attorney for the Debtor(s) |